# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| vs. | : | Case No. 1:19CR14 |
| TIMOTHY BRITTON, a/k/a "Kelvin Sanders," | : | Judge Barrett |
| Defendant. | : | (Hearing Requested) |

## MOTION TO SUPPRESS EVIDENCE

Now comes Timothy Britton, a/k/a Kelvin Sanders, by and through counsel, and hereby moves the Court to suppress any and all evidence seized from him and the vehicle he was driving on October 29, 2018, based on violations of his Fourth Amendment rights. Mr. Britton further moves the Court for an Order suppressing any and all statements made by him as the poisonous fruits of the unlawful stop, search, and arrest. The grounds for this Motion are set forth in the attached memorandum.

Respectfully Submitted,

DEBORAH L. WILLIAMS
Federal Public Defender

*s/ Karen Savir*
Karen Savir (KY92002)
Assistant Federal Public Defender
Chiquita Center
250 E. 5th Street, Suite 350
Cincinnati, Ohio 45202
(513) 929-4834

Attorney for Defendant
Timothy Britton

## MEMORANDUM IN SUPPORT OF MOTION

### 1. Relevant Facts

On October 29, 2018, at approximately 7:30 p.m., Cincinnati police officer Caleb Sarchet pulled over Timothy Britton in a black Chevrolet Impala at 508 Findlay Street. According to the officer, Mr. Britton failed to activate his turn signal until the car was already in the intersection. After initiating the traffic stop based on an alleged improper turn, the office approached Mr. Britton's vehicle and requested that Mr. Britton roll down his window because the window tint was dark. When Mr. Britton rolled down his windows, Officer Sarchet allegedly smelled the odor of marijuana and observed a digital scale with "drug residue" sitting in the cup holder in plain view. As a result, Mr. Britton was removed from the vehicle, frisked for weapons, and placed in the back of a police cruiser. The officer's subsequent search of the vehicle recovered a digital scale, marijuana inside a plastic container in the center console, a .9mm Taurus pistol with the safety on, and nine rounds of ammunition. On the way to the Hamilton County Justice Center, Mr. Britton allegedly told Officer Sarchet that the marijuana and pistol were his and that he needed the firearm for protection.[1]

Mr. Britton was ultimately charged with having a weapon under disability, carrying a concealed weapon, improper transportation of a firearm in a motor vehicle, drug paraphernalia, and drug possession. He was also cited for window tint and improper change of course in violation of O.R.C. § 4513.241 and CMC § 506.80. While the state charges were pending, the government adopted the case for federal prosecution. On February 13, 2019, Timothy Britton was charged in

---

[1] Notably, Officer Sarchet did not activate his body camera when he initiated contact with Mr. Britton, and there is no mobile video recording of Britton's transport to the Justice Center when Mr. Britton allegedly made incriminating statements in the back of a police car.

a one-count federal indictment with possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1).

## 2. Argument

An ordinary traffic stop by a police officer is a "seizure" within the meaning of the Fourth Amendment. Delaware v. Prouse, 440 U.S. 648 (1979). For a vehicle stop based on a vehicular infraction to be constitutional, an officer must have probable cause to conclude that such infraction has occurred or is occurring. Whren v. United States, 517 U.S. 806 (1996); Gaddis v. Redford Twp., 364 F.3d 763, 771 (6th Cir. 2014). Probable cause is defined as "reasonable grounds for belief, supported by less than prima facia proof but more than mere suspicion." United States v. Jackson, 470 F.3d 299, 306 (6th Cir. 2006); United States v. Ferguson, 8 F.3d 385, 392 (6th Cir. 1993). This is a significant hurdle. See, e.g. United States v. Freeman, 209 F.3d 464 (6th Cir. 2000) (police officer's observation of the passage of the defendant's vehicle across the traffic line did not amount to "probable cause" justifying the initiation of a traffic stop). The government shoulders the burden of proof in demonstrating the legality of the traffic stop. United States v. Herndon, 501 F.3d 683, 692 (6th Cir. 2007).

In Mr. Britton's case, the Cincinnati Police Department Trial Preparation Report indicates that the Chevrolet Impala with an Ohio plate bearing a registration of HOF3657 was stopped for "its traffic violation." Mr. Britton was cited for two vehicular infractions: an improper change of course and illegally tinted windows. Therefore, law enforcement needed probable cause to believe that Mr. Britton violated Ohio's statute governing the alleged vehicular infraction(s).[2]

---

[2] Cincinnati's traffic code governing a vehicle's change of course is C.M.C. § 506-80, which states, in relevant part, "No person shall turn a vehicle in an intersection unless the vehicle is in a proper position upon the roadway…." Ohio's statute governing vehicular window tinting, O.R.C. § 4513.241, states, in relevant part:
    (D) No person shall install in or on any motor vehicle, any glass or other material that fails to conform to the requirements of this section…
    (G) This section does not apply to the manufacturer's tinting or glazing of motor vehicle windows or windshields that is otherwise in compliance with or permitted by federal motor vehicle safety standard

Mr. Britton submits that the evidence adduced at the suppression hearing, to include video recordings of the traffic stop itself, will show that Officer Sarchet's decision to pull Mr. Britton's car over was not supported by probable cause. Because the traffic stop was unjustified at its inception, the evidence found in the subsequent search must be suppressed.

### 3. Conclusion

Based on the foregoing, Mr. Britton respectfully requests that this Court suppress any and all evidence seized, including physical evidence and statements, based on violations of his rights under the Fourth Amendment to the United States Constitution.

Respectfully Submitted,

DEBORAH L. WILLIAMS
Federal Public Defender

*s/ Karen Savir*
Karen Savir (KY92002)
Assistant Federal Public Defender
Chiquita Center
250 E. 5th Street, Suite 350
Cincinnati, Ohio 45202
(513) 929-4834

Attorney for Defendant
Timothy Britton

---

number two hundred five…See Ohio Admin. Code 4501-41-03(A)(3)(window tinting must allow at least 50 percent of the light to pass through).

**CERTIFICATE OF SERVICE**

   I hereby certify that a true and accurate copy of the Defendant's Motion for Bond was served electronically upon Ashley Brucato Assistant United States Attorney, Office of the United States Attorney, 221 E. Fourth St., Suite 400, Cincinnati, Ohio, 45202, this 29th day of June 2019.

            */s Karen Savir*
            Karen Savir (KY92002)
            Assistant Federal Public Defender