## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. 1:19CR14 |
| v. | Judge Barrett |
| **TIMOTHY BRITTON**<br>a/k/a "Kevin Sanders" | **GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS** |

The United States submits the following response in opposition to Britton's Motion to Suppress (Doc. 18): the stop of Britton was reasonable and constitutionally valid. In support of its position, the United States respectfully submits the following memorandum:

    Respectfully submitted,

    BENJAMIN C. GLASSMAN
    United States Attorney

    *s/John Zachary Kessler*
    JOHN ZACHARY KESSLER (0090932)
    Special Assistant United States Attorney
    221 East Fourth Street, Suite 400
    Cincinnati, Ohio 45202
    Office: 513-639-2482
    Fax: (513) 684-6385
    E-mail: Zach.Kessler@usdoj.gov

## **MEMORANDUM**

### BACKGROUND

On October 29, 2018 Cincinnati Police Officer Caleb Sarchet patrolled the West End neighborhood of Cincinnati in his marked cruiser. At that time he observed a black Chevrolet Impala (license: HOF 3657) on Poplar St. he later learned was being driven by the defendant, Timothy Britton. Officer Sarchet further observed Britton turn his vehicle from Poplar St. onto Linn St. without activating his signal until he was already in that intersection. The officer stopped Britton for violating Cincinnati Municipal Code 506-80, which requires that a "signal of intention to turn or move right or left shall be given continuously during not less than the last 100 feet traveled by the vehicle before turning."

Having approached the defendant's vehicle following his traffic stop, Officer Sarchet noticed the windows on the Impala were excessively tinted and asked the defendant to roll the one on the driver's side down. Initially hesitant, the defendant complied after the officer made additional requests. With the widow down, Officer Sarchet detected an odor of marijuana coming from inside the Impala and saw a digital scale with what appeared to be drug residue on it. Officer Sarchet next asked the defendant to step out of the vehicle.

With Britton out of the vehicle, Officer Sarchet searched the interior and found a loaded 9mm Taurus firearm and roughly twenty grams of marijuana inside a plastic baggie. Officer Sarchet later advised the defendant of his <u>Miranda</u> rights and placed him under arrest for Carrying Concealed Weapons, Improperly Handling Firearms in a Motor Vehicle, Having Weapons under Disability, Possession of Marijuana and Drug Paraphernalia, and the two traffic violations of excessive window tint and improper change of course. Later the defendant was indicted federally under 18 U.S.C. § 922(g)(1).

On the way to the Hamilton County Justice Center, Britton indicated to Officer Sarchet that the marijuana and gun were his. He added that he needed the gun for protection and that he would always have one on him.

## ARGUMENT

The Court should deny Britton's Motion to Suppress because his stop was reasonable and supported by probable cause.

### THE STOP OF BRITTON WAS REASONBLE.

"A police officer legally may stop a car when he has probable cause to believe that a civil traffic violation has occurred." U.S. v. Blair, 524 F.3d 740, 748 (6th Cir. 2008) "Probable cause is defined as reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion." U.S. v. Jackson, 470 F.3d 299, 306 (6th Cir. 2006)(internal quotation marks omitted). Probable cause is a "flexible, common sense standard." U.S. v. Ferguson, 8 F.3d 385, 392 (6th Cir. 1993). It "does not require an actual finding of a violation, rather, a probability or substantial chance of criminal activity is all that is required. U.S. v. Huff, 630 Fed. Appx. 471, 495 (6th Cir. 2015)(unpublished)(internal quotation marks omitted)(concurring opinion).

The issue before the court, then, "is whether the officer had an objectively verifiable reason for pulling over Defendant's [car] in light of the facts and circumstances known to the officer at the time of the stop." U.S. v. Huff, 630 Fed. Appx. 471, 496 (6th Cir. 2015)(unpublished)(internal quotation marks omitted)(concurring opinion). The 6th Circuit, in considering a statute in the Columbus traffic code verbatim in principal part to Cincinnati Municipal Code 506-80, found an officer's observation of a defendant's failure to signal before turning amounted to probable cause justifying the traffic stop. U.S. v. Westmoreland, 224 Fed. Appx. 470, 473 (6th Cir.

2007)(unpublished). (See also U.S. v. Smith, 421 Fed. Appx. 572, 574 (6th Cir. 2011)(unpublished).

In the instant case, Officer Sarchet stopped the defendant for violation of Cincinnati Municipal Code 506-80, which, in addition to requiring motorists to make turns only from a "proper position upon the roadway," requires them to signal their turns "continuously during not less than the last 100 feet traveled by the vehicle before turning." The defendant in the instant case did not do this. Officer Sarchet observed him fail to signal his turn until he was already in the above-listed intersection. Based on this observation, the officer had reasonable grounds for his belief that the defendant had committed a traffic violation under 506-80 of the Cincinnati Municipal Code. This amounts to probable cause for the offense and makes the officer's stop of the defendant lawful.

The government submits that the officer had probable cause of the defendant's traffic violation and that his seizure was constitutional. Because of this, the court should overrule the defendant's motion.

## CONCLUSION

For the reasons set forth herein, the United States respectfully requests Britton's Motion to Suppress Evidence be denied.

    Respectfully submitted,

    BENJAMIN C. GLASSMAN
    United States Attorney

    *s/John Zachary Kessler*
    JOHN ZACHARY KESSLER (0090932)
    Special Assistant United States Attorney
    221 East Fourth Street, Suite 400
    Cincinnati, Ohio 45202

                                                    Office: 513-639-2482
                                                    Fax: (513) 684-6385
                                          E-mail: Zach.Kessler@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing Response to Defendant's Motion to Suppress (Doc. 18) was filed with the Court's CM/ECF System this day, July 15, 2019, which provides electronic notice to all parties.

                                                  *s/John Zachary Kessler*
                                                  JOHN ZACHARY KESSLER (0090932)
                                                  Special Assistant United States Attorney