**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| vs. | : | Case No. 1:19CR14 |
| TIMOTHY BRITTON, | : | Judge Barrett |
| (Kelvin Sanders) | : | |
| Defendant. | : | |

## DEFENDANT'S REPLY TO THE GOVERNMENT'S POST-HEARING BRIEF

Mr. Britton files this Reply to address the government's response to his post-hearing brief on the law governing window tint in Ohio. Because the government's response is both misleading as to Mr. Britton's post-hearing brief and to the actual law, Mr. Britton seeks to clarify so that the Court may base its decision on accurate information.

In its response, the government argues that Officer Sarchet had probable cause to pull Mr. Britton's car over based on a violation of O.R.C. 4513.241 because of "the sort of tint Officer Sarchet described on the Defendant's car in the areas where he described it." The Court will recall that Officer Sarchet testified that his understanding of Ohio law was that both the rear and side windows of a car "cannot block more than 50% of the light coming through" and that an officer has cause to pull over a motorist if he cannot "make out any person or thing" in a car.[1] (Tr. 19). In his post-hearing brief, Mr. Britton argued that Officer Sarchet's understanding of the law was

---

[1] There is no basis in the law for Officer Sarchet's understanding as to "any person or thing." Presumably, the director of public safety recognized that such a law would lead to an absurd result, eviscerating the protections of the Fourth Amendment, as it would permit an officer to pull any car over at any time.

wrong. Britton set forth the controlling law on window-tint, showing that Ohio law does *not* in fact restrict the amount of tint on rear and back side windows to any degree.

Counsel for the government contends that Mr. Britton "misstates the requirements of what constitutes a violation of [O.R.C. 4513.241] in his brief." In fact, the opposite is true: Mr. Britton correctly set forth the state of the law, and the government did not. Rather, the government cited the section of the statute that directs that rules be established—not the rules themselves—and it did so out of context, obfuscating the matter. Specifically, the government stated, "This statute [ORC § 4513.241] prohibits tinted glass "in or on motor vehicle windshield, side windows, sidewings, and rear windows that prevent a person of normal vision looking into the motor vehicle from seeing or identifying persons or objects inside the motor vehicle." (Doc. 35 at 5)

The government's selective quote of the statute effects a material omission and leads to the erroneous position the government asks the Court to adopt. The first clause of section (A), omitted by the government, makes clear that 4513.241 *merely sets forth the scope of potential power delegated to the director of public safety*, who is charged with establishing the rules governing tinted windows: "**The director of public safety**, in accordance with Chapter 119, of the Revised Code, **shall adopt rules governing the use of tinted glass**…in or on motor vehicle in or on motor vehicle windshields, side windows, **sidewings, and rear windows** that prevent a person of normal vision looking into the motor vehicle from seeing or identifying persons or objects inside the motor vehicle." ORC § 4513.241(A) (emphasis supplied).

The director of public safety followed the mandates of ORC § 4513.241 and set forth the rules governing tinted windows in Ohio, which, as Mr. Britton correctly observed are governed by ORC § 4501-41-03 and do not prohibit the tinting of rear and back side windows. Specifically, ORC § 4501-41, was "adopted pursuant to section 4513.241 of the Revised Code which provides that the

director of public safety shall adopt rules governing the use of transparent, nontransparent, translucent, and reflectorized materials in or on motor vehicle windshields, side windows, sidewings, and rear windows that prevent a person of normal vision looking into the motor vehicle from seeing or identifying persons or objects inside the motor vehicle." ORC § 4501.41-01. Subsection 03 of that statute sets out the specifications regarding tinted windows in Ohio, and sub-subsection (A) prohibits the operation, leasing, or renting of any motor vehicle required to be registered in Ohio with any "sunscreening material,[2] or other product or material which has the effect of making the windshield or windows nontransparent or would alter the windows' color, increase its reflectively, or reduce its light transmittances, **unless the product or material satisfies one of the following exceptions**." ORC § 4501-41-03(A)(emphasis added).

Thus, the director of public safety promulgated rules, under the statutory authority of and amplifying ORC § 4513.241, that prohibit the use of window tint **subject to certain exceptions**. Pursuant to the statutory exceptions, tinting is not regulated and is thus permitted when:

> (1) the manufacturer's tinting is in compliance with FMVSS 205 (ORC § 4501-41-03(A)(1));
>
> (2) sunscreening or other material is "applied to a windshield when used in conjunction with the safety glazing material of such window, has a light transmittance of not less than seventy percent plus or minus three percent and is not red or yellow in color" (ORC § 4501-41-03(A)(2));
>
> (3) sunscreening or other material is "applied to the side windows to the immediate right or left of the driver, so long as such material, when used in conjunction with the safety glazing material of such window, has a light transmittance of not less than fifty percent plus or minus three percent and is not red or yellow in color" (ORC § 4501-41-03(A)(3)); and

---

[2] Sunscreening material is defined as "products or material, including film, glazing, and perforated sunscreening, which, when applied to the windshield or windows of a motor vehicle, reduce the effects of the sun with respect to light reflectance or transmittance." ORC § 4501-41-02(B).

    (4) sunscreening or other material is "applied to a window not otherwise listed in paragraphs (A)(1) to (A)(3)…except that left and right rear view mirrors are required if the sunscreening material is applied to the rear window and the sunscreening material, when used in conjunction with the safety glazing material of such window, has a light transmittance of not less than fifty percent plus or minus three percent" (ORC § 4501-41-03(A)(4)).

Thus, *Ohio does not prohibit the tinting of the rear and side windows* (as they are not windows listed in 1-3 above) described by Officer Sarchet. In fact, the law actually contemplates heavy tinting of the rear window and merely requires that, if the tinting has a light transmittance of less than fifty percent, the car have left and right rear-view mirrors.

As is clear from the statute, and as Mr. Britton correctly observed in his post-hearing brief, Officer Sarchet's understanding of Ohio law is erroneous. [3] The government's post-hearing attempt to rewrite the law to conform with Officer Sarchet's error should not be countenanced. This is not a matter of semantics: Mr. Britton's motion to suppress hinges on this Court's accurate understanding of the state of the law at the time Mr. Britton was subjected to a traffic stop.

The law is clear: a traffic stop based on a vehicle infraction is constitutional only if an officer has probable cause to conclude that an infraction has occurred or is occurring. <u>Whren v. United States</u>, 517 U.S. 806 (1996); <u>Gaddis v. Redford Twp.</u>, 364 F.3d 763, 771 (6th Cir. 2014). Officer Sarchet may have believed that the law prohibited rear window tint, supporting his decision to initiate a traffic stop as he travelled behind Mr. Britton, but because his belief was based on an

---

[3] As Mr. Britton noted, there is no good faith exception to warrantless stops of vehicles. <u>United States v. Herrera</u>, 444 F.3d 1238, 1248 (10th Cir. 2006). <u>United States v. Garcia-Garcia</u>, 633 F.3d 608, 612 (7th 2011)("[W]]hen a police officer mistakenly believes that the law prohibits an act that is, in fact, perfectly legal, even a good faith belief that the law has been violated will not support the stop.") The government did not refute this law—nor could it—but simply reiterated its erroneous position regarding Ohio's tint-law.

incorrect understanding of the law, he lacked "probable cause" to pull Mr. Britton's car over based on a violation of O.R.C. 4513.241.

The only issue for the Court is whether a reasonable officer would have concluded that Mr. Britton was in violation of CMC § 506.80 (turn signal) when he turned from Poplar onto Lynn Street.

In sum, and as previously argued in Mr. Britton's post-hearing brief, Officer Sarchet's decision to pull over Mr. Britton was unreasonable. Mr. Britton activated his right turn signal not less than 100 feet before he turned onto Lynn Street. Indeed, the dash-cam video captures his turn signal already engaged, not only while he's stopped at the stop sign, but before the stop sign, when the video begins. No reasonable officer would have pulled Mr. Britton over given the circumstances depicted on the dash-cam.

Thus, Mr. Britton's motion to suppress should be granted.

Respectfully Submitted,

DEBORAH L. WILLIAMS
Federal Public Defender

*s/ Karen Savir*
Karen Savir (KY92002)
Assistant Federal Public Defender
Chiquita Center
250 E. 5th Street, Suite 350
Cincinnati, Ohio 45202
(513) 929-4834

Attorney for Defendant
Timothy Britton

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the Defendant's brief was served electronically upon Ashley Brucato Assistant United States Attorney, Office of the United States Attorney, 221 E. Fourth St., Suite 400, Cincinnati, Ohio, 45202, this 26th day of December 2019.

*/s Karen Savir*
Karen Savir (KY92002)
Assistant Federal Public Defender